IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY J. GRAY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ASIG GROUND SERVICES, INC., et al.,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 1:06-CV-0209-TWT |

## ORDER

This is a personal injury action. It is before the Court on the Defendant Aircraft Service International, Inc.'s Motion for Summary Judgment [Doc. 48]. For the reasons set forth below, the Defendant's motion is DENIED.

## I. BACKGROUND

The Plaintiff Gregory J. Gray is a former employee of Delta Air Lines (the Intervenor-Plaintiff in this case). As part of the Plaintiff's duties, he loaded cargo to and from aircraft on a vehicle known as a container loader. On July 22, 2004, while driving the container loader, the Plaintiff struck an object on the ground. As a result of the collision, the Plaintiff suffered serious injuries to his left arm.

The Plaintiff filed this suit against the Defendants ASIG Ground Services, Inc. and Aircraft Service International, Inc. on January 31, 2006. At the time of the collision, the Defendants were under contract with Delta to provide "into-plane" fuel. The Plaintiff alleges that the collision was caused by a fuel pit lid that was protruding from the tarmac. The Plaintiff alleges that the Defendants -- acting through their employees -- negligently failed to close the fuel pit lid. Delta subsequently joined this case as an Intervenor-Plaintiff, seeking subrogation from the Defendants in the event that the Plaintiff recovered. To date, Delta has paid over $22,000 in worker's compensation. The Defendant Aircraft Service International initially filed its motion for summary judgment on December 21, 2006.[1] The Plaintiff responded to that motion by submitting an affidavit of one of the Plaintiff's former co-workers, Brian Banks. Banks testified that he had on numerous occasions seen the fuel pit lids improperly shut; that at least three times he had seen the fuel pit lids protruding from the ground and had notified the Defendants of this; and that he saw the fuel pit lid protruding from the tarmac immediately after the Plaintiff's injury on July 22, 2004. (Banks Aff. ¶ 6, 12-14).

---

[1]The Defendant ASIG Ground Services filed a joint Supplemental Response with Aircraft Service International in support of the motion for summary judgment.

In their reply brief, the Defendants moved to exclude all of the testimony of Banks. The Court, however, found that the Plaintiff was substantially justified in failing to discover and disclose Banks until after the close of discovery. The Defendants now renew their motion for summary judgment and move to strike certain portions of Banks's affidavit.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. DISCUSSION

The Plaintiff alleges that the Defendants caused his injury by failing to ensure that the fuel pit lids were properly closed. The Defendants first claim that summary judgment is appropriate because their duty was limited to fueling planes and "to shut[ting] the lid after using the fuel pit." (Def.'s Mot. for Summ. J. at 11). The Defendants claim to have no further duty to monitor or inspect the fuel pit lids. The Plaintiff agrees that the Defendants were required to properly shut the lids after fueling, but the Plaintiff has presented evidence that it was the Defendants' responsibility to ensure that the fuel pit lids were properly shut. Banks claims that Delta employees on the ramp were not permitted to touch the fuel pit lids, and that they were required to alert the Defendants' employees to close them. (Banks Aff. ¶ 12). Further, the incident occurred at a gate that was "exclusively a Delta gate," so no one but the Defendants' employees had permission to touch the fuel pit lids (Banks Dep. at 83). Banks, therefore, suggests that the Defendants had a duty to close the fuel pit lids even if its employees were not the ones who left them open. In other words, he suggests that the Defendants had a duty to monitor the fuel pit lids to ensure they were properly shut. (Banks Aff. ¶ 12). At a minimum, the Defendants admit that they were required to properly shut the fuel pit lids. Summary judgment is not appropriate on this issue.

The Defendants next claim that they lacked notice that the fuel pit lid in question was not properly closed before the accident.  Therefore, the Defendants argue, they cannot be held liable for any damages caused by the defective condition of the fuel pit lid.  The Defendants do not dispute the notion that notice to ASIG's employees constitutes notice to the Defendants.  (See Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 10) ("If anything, Banks' affidavit corroborates Defendant ASI's denial of a breach of duty of care[.] Banks' states that on three prior occasions, he had seen a fuel pit lid askew and asked employees of ASI to close the lid, which ASI employees immediately did upon request.").  Nor do the Defendants dispute that the Defendants' agents used the fuel pit on the date of the accident to fuel aircraft. (See Barker Dep. at 38).

Certainly, the Plaintiff did not produce evidence that the Defendants had notice of a defect in the particular fuel pit lid at issue in this case. However, contrary to the Defendants' assertions, notice of a defect of the particular fuel pit lid is not necessary for the Defendants to be on notice that they should monitor all of them.  In premises liability cases, all that is necessary is that the owner or occupier of an instrumentality possessed superior knowledge -- actual or subjective -- of the defect or hazard.  See, e.g., Cooper Tire & Rubber Co. v. Merritt, 271 Ga. App. 16, 19 (2004).  The facts in Banks's affidavit are evidence such that a jury could reasonably find that the

Defendants had superior knowledge of the possibility that fuel pit lids were not fully closing. Banks claims that he notified the Defendants at least three times of this occurrence, and there is no evidence in the pleadings that the Plaintiff knew of any fuel pit lids failing to close.

Further, the Plaintiff has produced evidence that improperly slamming the fuel pit lids was a common practice by the Defendants. (Banks Dep. at 86-87). Banks claims through personal knowledge that the Defendants' habit caused fuel pit lids to fail to shut properly. (Banks Dep. at 87-88) ("I've actually seen them when they kick [the fuel pit lids] over and then they walk away when [the fuel pit lids] are partially up."). Therefore, there is evidence that the Defendants knew that partially raised fuel pit lids was a continuing problem. "Evidence of the habit of a person or of the routine practice of an organization . . . is relevant to prove that the conduct of the person or the organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406. This is enough to submit the case to a jury.

Finally, the Defendants seek to exclude certain portions of Banks's affidavit, claiming that some of the affidavit contains unauthorized expert testimony. A non-expert may testify to opinions or inferences that "are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific,

technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  Subsection (c) was added in order to prevent the admission of expert testimony "under the guise of lay opinion." United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005).

The Plaintiff is not attempting to conceal expert testimony in layman's clothing. Banks was a ramp employee for Delta.  In his deposition, Banks readily admitted that he possesses no specialized or technical knowledge about the fuel pit lids.  (Def.'s Supplemental Br. in Support of Mot. for Summ. J., at 10-12).  Banks made clear that he is not an engineer or accident reconstructionist.  (Def.'s Supplemental Br. in Support of Mot. for Summ. J., at 10-12).  Banks's testimony is based on his own personal observations.  Banks claims that he saw fuel pit lids not close completely after they were slammed or kicked to the ground.  (Banks Dep. at 67).  Banks states that after the accident he looked under the container loader and he saw that "the front portion of the container loader had already driven over the fuel pit lid," and that "part of the fuel pit lid . . . was in contact with the container loader."  (Banks Aff. ¶¶ 6-8). Because the Plaintiff has established sufficient evidence of causation without any technical or scientific statements from Banks, the Court finds it unnecessary to decide whether certain portions of Banks's affidavit should be struck.

In summation, the Plaintiff has shown evidence that the Defendants' employees used the fuel pit (and opened the fuel pit lid) on the date of the accident to fuel aircraft. The Plaintiff, through Banks's testimony, has also introduced evidence limiting the number of people that could open or close the fuel pit lids to the Defendants' employees. Finally, the Plaintiff has produced evidence showing that the Defendants' employees improperly shut the fuel pit lids, which caused the lids to rest above the ground. This is enough to create a factual dispute as to who negligently caused the fuel pit lid to sit ajar on the date of the accident and to defeat summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the Defendant Aircraft Service International, Inc.'s Motion for Summary Judgment [Doc. 48] is DENIED.

SO ORDERED, this 28 day of September, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge